**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-04408-KES Date: August 20, 2026

Title: FRANCISCO VICENTE VICENTE v. MARKWAYNE MULLIN, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| Jazmin Dorado | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS): Order Dismissing Petition With Leave to Amend**

Francisco Vicente Vicente ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 11.) For the reasons stated below, the Petition is dismissed with leave to amend.

## I. PROCEDURAL HISTORY

Petitioner filed the Petition on August 5, 2026. (Pet. at 1.) The Petition alleged that Petitioner had been detained by ICE since October 2025, and that an Immigration Judge ("IJ") had denied his request for a bond hearing on the grounds that he was an "applicant for admission" under 8 U.S.C. § 1225(b)(2). (Pet. at 12-13, ¶¶ 48, 50-53.) The Petition raises the following claims:

> Ground 1: "Violation of 8 U.S.C. § 1226(a)" and "Unlawful Denial of Bond Hearing" because the mandatory detention provision in § 1225(b)(2) is being unlawfully applied to Petitioner. (Pet. at 13-14 ¶¶ 55-57.)
>
> Ground 2: The application of § 1225(b)(2) to Petitioner violates the Administrative Procedure Act ("APA"). (Pet. at 14, ¶¶ 58-60.)

> Ground 3: "The government's detention of Petitioner without a bona fide bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process." (Pet. at 15, ¶¶ 61-64.)[1]

The Petition seeks an order requiring Respondents to release Petitioner unless they hold a bond hearing within fourteen days. (Pet. at 16.)

Respondents answered the Petition on August 12, 2026. ("Answer" at Dkt. 9.) They argue that his claims fail because he was given a Rodriguez bond hearing[2] on April 13, 2026, after he had been in ICE custody for about six months. (Id. at 2.) Respondents' Answer attached the IJ's April 13, 2026 order denying bond (Dkt. 9-2) and an audio recording of that bond hearing (Dkt. 10). These indicate that the IJ denied bond based on a finding that Petitioner is a flight risk. Respondents argue, "To the extent Petitioner is challenging the sufficiency of the hearing, the claim must be appealed through the immigration courts before it may be asserted in habeas." (Answer at 3.)

Petitioner replied on August 15, 2026. ("Reply" at Dkt. 12.) The Reply argues, "The [IJ] committed errors of law and fact and abused his discretion to such a degree that only Petitioner's immediate release can remedy this violation of his due process rights." (Id. at 4.) He argues that appealing the IJ's April 2026 bond denial to the BIA would be futile and cause him to incur irreparable harm. (Id. at 2-3.)

## II. DISCUSSION

On the present record, Petitioner has not demonstrated that he is entitled to relief on Grounds 1-3 of the Petition. First, it is not clear whether Petitioner is being held without bond as an applicant for admission under § 1225(b)(2). The Reply attaches a declaration from

---

[1] The Petition does not appear to argue that Petitioner was entitled to a *pre-detention* bond hearing as a matter of due process. If Petitioner is attempting to bring such a claim, he would need to explain why the facts of his case meet the Mathews test. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); Medrano-Rocha v. Santacruz, 817 F. Supp. 3d 871, 878 (C.D. Cal. Jan. 23, 2026); Omer G. G. v. Kaiser, No. 25-cv-01471, 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025).

[2] "Named after the Ninth Circuit's decision in Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015), which has an extensive history that need not be recounted here, a Rodriguez bond hearing is a periodic custody redetermination proceeding—required in the Central District of California (for reasons not pertinent here)—where the government must show at six-month intervals that a detainee's continued detention pending removal proceedings is justified by clear and convincing evidence of flight risk or danger to the community." Penaloza Monsalve v. Semaia, No. 26-cv-00463-SVW-ACCV, 2026 WL 1625352, at *1 n.1 2026 U.S. Dist. LEXIS 121961, at *2 n.1 (C.D. Cal. June 1, 2026).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



Petitioner's counsel which states that, on or about July 30, 2026, "Petitioner's common law wife advised us that he had already had a bond hearing but that the [IJ] denied him release thereon since he was deemed to be a flight risk." (Dkt. 12- at 5, ¶ 10.) It is unclear why Petitioner's counsel believes that he was deemed an applicant for admission. (See Pet. at 13, ¶ 52 ("The [IJ] has denied Petitioner release on bond because he is considered an 'applicant for admission.'").) The Petition does not state when an IJ allegedly determined he was an applicant for admission or attach any IJ's order to that effect.

Second, Petitioner was given a Rodriguez bond hearing in April 2026. Petitioner has not explained whether this Rodriguez bond hearing indicates that Petitioner is no longer subject to mandatory detention under § 1225(b)(2), or how that hearing affects the claims raised in Grounds 1-3 of the Petition.

The arguments raised in the Reply – that the IJ erred in denying Petitioner release on bond – are entirely new and were not raised in the Petition. Indeed, the Petition did even allege that such a hearing had taken place. Moreover, these arguments fail to apply the correct legal standard for judicial review. See Martinez v. Clark, 124 F.4th 775, 783-85 (9th Cir. 2024); see, e.g., Restrepo v. Noem, No. 26-cv-01735-AJR, 2026 WL 1047688, 2026 U.S. Dist. LEXIS 61209 (C.D. Cal. Mar. 23, 2026); Miri v. Bondi, No. 26-cv-00698-MEMF-MAR, 2026 WL 622302, 2026 U.S. Dist. LEXIS 46944 (C.D. Cal. Mar. 5, 2026).

However, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also 28 U.S.C. § 2242 ("[An] [a]pplication for a writ of habeas corpus .... may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); Ross v. Williams, 950 F.3d 1160, 1166 (9th Cir. 2020) (discussing leave to amend in habeas context). Because the Court cannot say that the defects in the Petition "could not possibly be cured by the allegation of other facts," Petitioner is granted leave to amend. Alcala v. Rios, 434 F. App'x 668, 670 (9th Cir. 2011).

## III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. The Petition (Dkt. 1) is dismissed with leave to amend.

2. On or before **September 3, 2026**, Petitioner shall file a First Amended Petition, a motion to voluntarily dismiss this action, or a stipulation of dismissal signed by all parties who have appeared. See generally Fed. R. Civ. P. 41(a).

3. **If Petitioner fails to timely respond to this order, this action may be dismissed for lack of prosecution and/or failure to obey court orders.**

Initials of Deputy Clerk jd