**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

FRANCISCO VICENTE-VICENTE,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

No. 5:26-cv-04408-BFM

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Francisco Vicente-Vicente filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 5, 2026. (ECF 1.) For the reasons stated below, the First Amended Petition (ECF 14) is **denied** and this case is dismissed.

## FACTUAL BACKGROUND

Petitioner Francisco Vicente Vicente is a noncitizen who is currently detained in the Adelanto Detention Facility, within the Central District of California. (ECF 14 (FAP) ¶ 3.) He entered the United States without inspection in 2009 and has lived in the United States since then. (FAP ¶ 38.) In October 2025, he was detained by ICE. (FAP ¶ 39.)

Petitioner was provided a *Rodriguez* bond hearing on April 14, 2026. (FAP ¶ 9.) After the hearing, the IJ ordered Petitioner detained. (FAP ¶ 17.) The IJ

found no basis to conclude Petitioner was a danger to the community, but did believe Respondent had carried its burden to show that Petitioner was a flight risk. (FAP ¶¶ 10-17.)

Petitioner filed a first habeas petition, in which he argued that the IJ's detention decision misapplied relevant BIA caselaw, that it therefore violated the APA and his due process rights. *See Vicente-Vicente v. Semaia*, No. 5:26-cv-02453-BFM, 2026 WL 1455409 (C.D. Cal. May 19, 2026). This Court denied that petition without prejudice, finding that the Petitioner had not offered any valid reason to excuse his failure to exhaust. *Vicente-Vicente v. Semaia*, No. 5:26-cv-02453-BFM, 2026 WL 1455409 at *2 (C.D. Cal. May 19, 2026).

Petitioner has now returned to this Court with essentially the same claim: arguing that the IJ's denial of bond violated his due process rights. (FAP ¶¶ 52-55.) Respondents answered (ECF 18 ("Answer")), and Petitioner filed a Reply (ECF 19 ("Reply")). The matter is now fully briefed and ready for decision.

**ANALYSIS**

The Petition alleges that habeas relief is warranted because the IJ erred in finding him a flight risk. (FAP ¶¶ 52-55.) Respondents argue that this Court's prior decision precludes the Court from revisiting its prior conclusions under the abuse of the writ doctrine. (Answer at 2-6.) The Court agrees: the Court already addresses this claim and found it to be subject to dismissal as unexhausted. The abuse of the writ doctrine is therefore in play.

The statutory bar against successive habeas petitions applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Nevertheless, the common law doctrine of abuse of the writ may bar successive habeas petitions filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Under the abuse of the writ doctrine, "a

successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Id.*

Petitioner makes no attempt to show "cause" for bringing a successive petition, nor does he attempt to bring his claim within the "miscarriage of justice" standard. Each of these is a formal term that requires a showing beyond that required for granting the petition itself. *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991). The First Amended Petition and Reply do not acknowledge the prior petition or address the Court's prior finding, nor does it address Respondents' invocation of the abuse of the writ doctrine. Once Respondent has affirmatively invoked the abuse of the writ doctrine, a habeas petitioner is required to do more.

**CONCLUSION**

The Petition is therefore denied without prejudice, and judgment will be entered accordingly.

DATED: September 25, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE